# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0493, <u>In the Matter of Katherine Harper and Matthew Broas</u>, the court on September 22, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The respondent, Matthew Broas (Father), appeals a decision of the Circuit Court (<u>Alfano</u>, J.) adopting the recommendation of a Marital Master (<u>Cooper</u>, M.) denying Father's relocation and modifying the parties' parenting plan. We reverse in part, vacate in part, and remand.

The following facts were found by the trial court or recite the contents of documents contained in the record. Father and the petitioner, Katherine Harper (Mother), are the parents of two minor daughters. Mother lives in Concord and, prior to the relocation at issue here, Father lived in Salisbury. A final parenting plan regarding the children was entered in 2015. It awarded Father primary residential responsibility, provided that the children would attend school in the district where Father resides, and ordered a routine schedule of parenting time for Mother. The parties subsequently "deviated from the routine schedule on an ad hoc basis" and, over the year preceding this action, had been "essentially follow[ing] a shared parenting schedule."

In September 2018, Father signed a purchase and sale agreement on a house in New London. He informed Mother of the impending move in December. Mother did not agree to the move, but "followed up with an e-mail within a few weeks asking him for proposals regarding a change in the schedule."

Father did not petition for court approval of his relocation of the children and, accordingly, Mother filed a petition to enjoin it. The court held an initial hearing, entered temporary orders, and, after further hearing, issued the order on appeal. In that order, the court granted Mother's motion for directed verdict and denied Father's relocation, even though, by that time, Father had already moved to New London. The court also modified the parties' parenting plan, reasoning that, "[a]s neither parent resides in the Salisbury School District and the parties are not able to agree on a school district, the court must make adjustments to the parties['] Parenting Plan to reflect their current circumstances."

On appeal, Father argues that the trial court erred in: (1) applying the 2018 substantive amendments to RSA 461-A:12 to this case; (2) granting Mother's motion for directed verdict; and (3) modifying the parties' parenting time. He also contends that the trial court unsustainably exercised its discretion in denying his intrastate move and made factual findings that lack support in the record.

Father's first argument concerns the application of paragraph II-a of RSA 461-A:12, which was added to the statute in 2018. See RSA 461-A:12, II-a (Supp. 2019). That paragraph provides: "A parent shall not relocate a child without a court order unless relocation is necessary to protect the safety of the parent or child, or both." Id. Father argues that the trial court "impermissibly retroactively applied RSA 461-A:12, II-a to [him]," in contravention of "his constitutional right to travel."

Mother counters that the "issue of whether RSA 461-A:12 as amended should be applied prospectively or retrospectively to parenting plans drafted prior to August 7, 2018, is irrelevant to the instant case." She contends that although the trial court ruled that Father violated RSA 461-A:12, II-a by not obtaining a court order prior to relocating, that ruling "was not the basis for the court's denial of his request to relocate." We agree with Mother that we need not address the issue of retrospectivity to decide this case, and accordingly, we decline to do so. As Mother points out, the trial court's "clearly articulated . . . basis for denying [Father's] proposed relocation was . . . failure to meet his burden under RSA 461-A:12, V(b) that his relocation was reasonable in light of a legitimate purpose."

Father next argues that the trial court erred in granting Mother's motion for directed verdict. "Because motions for directed verdict relate to the sufficiency of the evidence, they present questions of law which we review de novo." Stachulski v. Apple New England, LLC, 171 N.H. 158, 168 (2018). "A party is entitled to a directed verdict only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand." DeBenedetto v. CLD Consulting Eng'rs, 153 N.H. 793, 812 (2006). A plaintiff "may not avoid a directed verdict by presenting evidence that is merely conjectural in nature," but rather, "must present sufficient evidence to satisfy the burden of proof such that a reasonable [factfinder] could find in [his] favor." Figlioli v. R.J. Moreau Cos., 151 N.H. 618, 621 (2005).

Mother contends that a directed verdict in her favor was appropriate because Father failed to introduce evidence sufficient to sustain his burden of proof. The parties' respective burdens are set forth in paragraphs V and VI of RSA 461-A:12:

V. The parent seeking permission to relocate bears the initial burden of demonstrating, by a preponderance of the evidence, that:

(a) The relocation is for a legitimate purpose; and

(b) The proposed location is reasonable in light of that purpose.

VI. If the burden of proof established in paragraph V is met, the burden shifts to the other parent to prove, by a preponderance of the evidence, that the proposed relocation is not in the best interest of the child.

RSA 461-A:12, V, VI (2018).

The trial court noted that Father's stated reason for relocating was "the need . . . [for] more suitable housing for the girls" given that their "housing in Salisbury was a second-floor apartment" at a busy intersection with "dogs located with the tenants on the first floor." The court found Father's "objective in this regard to be legitimate." The court concluded, however, that "the location of the housing [Father] ultimately obtained [was not] reasonable."

Father contends that the trial court erred by failing to view the evidence in the light most favorable to him as the nonmoving party, as required in the standard for ruling on a motion for directed verdict. He further contends that "[i]nstead of analyzing [Mother's] motion for directed verdict under the facts before it, the trial court . . . made assumptions . . . to assert that [Father] should have looked elsewhere for a suitable place to live." Specifically, the court noted that the home Father chose to purchase was listed at $533,000.00, and then assumed: (1) that Father did not pay the asking price; and (2) that "there may well have been other housing in the Concord area — or Salisbury area — within the $400,000.00 range." The court then concluded that Father's "new residence . . . is 21 miles further away from that of [Mother] . . . and is not rationally related to achieving [Father's] objective, particularly when other options appear to have been available."

Father argues that the trial court "wrongly imposed on [him] the burden to show he could not find housing in Concord, where [Mother] lived, or closer to her." Although the trial court did not explicitly cite supporting authority for its conclusion, it appears to have relied upon language in Tomasko v. Dubuc, 145 N.H. 169 (2000), which we quoted from the Supreme Court of Connecticut's decision in Ireland v. Ireland, 717 A.2d 676 (Conn. 1998), superseded by statute as stated in Hardy-Harris v. Harris, No. 0740246475, 2008 WL 2039259 (Conn. Super. Ct. April 21, 2008): "'[A] relocation motivated by a legitimate purpose should be considered reasonable unless its purpose is shown to be substantially achievable without moving, or by moving to a

3

location that is substantially less disruptive of the other parent's relationship to the child.'" Tomasko, 145 N.H. at 171–72 (quoting Ireland, 717 A.2d at 682).

Father argues that while the legislature codified the same burden-shifting test used in Ireland and Tomasko in RSA 461-A:12, V-VI, it rejected the "substantially less disruptive" language of Ireland and Tomasko when it provided that RSA 461-A:12 "shall not apply if the relocation results in the residence being closer to the other parent or to any location within the child's current school district." RSA 461-A:12, I (Supp. 2019).

On the facts of this case, we need not decide whether RSA 461-A:12, I, is contrary to the "substantially less disruptive" standard or whether that standard is otherwise applicable under New Hampshire law. We need not do so because, even assuming that standard applies, we conclude that the term "substantially" denotes an order of magnitude that is not at issue here. See New Oxford American Dictionary 1736 (3d ed. 2010) (defining "substantially," in relevant part, to mean "to a great or significant extent").

The parties agree that Father's New London home is farther away from Mother's Concord residence than his Salisbury apartment. Mother testified that the New London house is twice the distance from her residence as the Salisbury apartment; however, the added distance, as found by the trial court, is only 21 miles. According to an exhibit introduced by Mother, it takes 21 minutes longer to drive from her residence to Father's New London house than to the Salisbury apartment. We conclude that, under the facts of this case — with a move less than 30 minutes and 30 miles farther from Mother's residence — the "substantially less disruptive" standard is simply not a factor in the reasonableness analysis. Any assumptions the trial court may have made about the availability of housing closer to Mother are therefore irrelevant and should not have been considered in ruling on Mother's motion for directed verdict. Having so concluded, we need not address Father's argument that the trial court's assumptions were "factually unsupported."

Based upon the evidence presented, viewed in the light most favorable to Father, and without considering whether Father's legitimate purpose was obtainable by moving to a location closer to Mother, we conclude that the trial court erred in granting a directed verdict in Mother's favor. The record contains evidence that the location Father chose was reasonable in light of his legitimate purpose. Father testified that Salisbury was "very rural" and that New London was "very similar" to Salisbury. He affirmed that he was looking for "an atmosphere that was consistent with the rural character of Salisbury" and that New London was not only similar to, but also an "improvement" on, Salisbury. He testified that at the New London house, the children could go outside to play without first having to ask for permission, which was not something they could do at their Salisbury residence where they shared a backyard with another tenant who had dogs. Little or no relevant contrary

4

evidence was adduced.  Taking this evidence in the light most favorable to Father, and given the dearth of contrary evidence, the trial court could not have sustainably concluded that "the sole reasonable inference that may be drawn from the evidence . . . is so overwhelmingly in favor of [Mother] that no contrary verdict could stand." DeBenedetto, 153 N.H. at 812.  Accordingly, we reverse the ruling directing a verdict in Mother's favor, vacate the order denying Father's relocation, and remand for further proceedings consistent with this order.

Father next argues that the trial court erred in modifying the parties' parenting time because it lacked authority to do so under either RSA 461-A:11 or RSA 461-A:12, IX.  "We review both the trial court's application of the law to the facts and its statutory interpretation de novo." Sabato v. Fed. Nat'l Mortg. Ass'n, 172 N.H. 128, 131 (2019).

Father contends that the court lacked authority under RSA 461-A:11 because "neither party requested, pleaded, or proved a statutory [basis] for modification" under that section.  (Bolding omitted.)  We agree.  "[T]o obtain a modification of a parenting schedule, a party must plead and prove one of the statutory circumstances set forth in RSA 461-A:11, I." Summers, 172 N.H. at 483.  Mother concedes that she "did not file a motion to amend the parenting plan pursuant to RSA 461-A:11 because this was a relocation case and RSA 461-A:12 applies."  Accordingly, the trial court did not have authority to modify the parties' parenting time under RSA 461-A:11.

Father also contends that the court lacked authority under RSA 461-A:12, IX, which provides: "If the parties agree on or the court authorizes the relocation of a residence of a child, the court may modify the allocation or schedule of parenting time or both based on a finding that the change is in the best interests of the child." RSA 461-A:12, IX (2018).  Father argues that because the parties did not agree to, and the trial court denied, Father's relocation, RSA 461-A:12, IX, by its plain language, does not authorize a modification of parenting time.

Because Father's argument is premised, in part, on the court's denial of his relocation, and we have vacated that ruling, we decline to address Father's argument at this juncture.  It is possible that, on remand, the trial court will grant Father's request to relocate, thus rendering the statutory authority issue moot.  In addition, Mother's actions on remand could render this issue moot as well.  She argues:

> Reversing the trial court's finding that it had authority to modify the parties['] parenting plan[] would result in needless litigation and a waste of judicial resources.  Because the parties have already had a full and fair opportunity to be heard on their requested parenting plans, on remand [Mother] would simply have

to consent to the relocation, since [Father] still resides in New London.  By [Father's] own admission, this would create statutory grounds for the trial court to then modify the parenting plan pursuant to RSA 461-A:12, IX and order the parenting plan the court has already ruled is in the children's best interest.

Accordingly, we decline to address Father's statutory authority argument.

Finally, Father challenges the trial court's factual findings regarding: (1) the timing of an e-mail communication from Mother to Father; (2) whether Father responded to that e-mail; (3) whether Father continued the ad hoc practice of offering Mother additional parenting time; and (4) whether the parties shared residential responsibilities over the children by agreement or pursuant to an ad hoc schedule.  Father argues that these findings are not supported by the record.  See In the Matter of Letendre & Letendre, 149 N.H. 31, 34 (2002) ("We sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law.").  Mother argues that Father "fails to articulate how these findings prejudiced his case." We need not decide whether the court erred in making these factual findings, since Father has not shown their relevance to the issues raised in this appeal or any resulting prejudice.  See Giles v. Giles, 136 N.H. 540, 545 (1992) ("For an error to require reversal on appeal, it must have been prejudicial to the party claiming it." (quotation and brackets omitted)).

Reversed in part; vacated in part; and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**